*R. K. Williams, for appellant. Boone & Stanfield, for appellee.*

---

DAVID K. BEST *v.* DANIEL MCILVOY, ADM'R.

**Decedent's Estates.**

Where no rule or order of the court is necessary before an administrator disposes of a fund, the rights of parties against whom a rule was issued are not prejudiced thereby.

**Duty of Those Interested in a Report.**

Where a trustee has filed a report it is the duty of those interested to examine it, and they are not justified in failing to do so by what they are told by the trustee or others.

**New Trial.**

> Where a suit is brought for the settlement of an estate and a finding made thereon, interested parties desiring a new trial must file their motion or petition therefor containing a statement of facts constituting their grounds for such new trial.

**Diligence.**

> Where in a suit for the settlement of an estate the record shows that nearly three years elapsed after the reports were filed, in which it is claimed credits were omitted, before any move is made for a new trial, or correction thereof, no such diligence is shown entitling an interested party to relief.

APPEAL FROM WASHINGTON CIRCUIT COURT.

January 27, 1877.

OPINION BY JUDGE COFER:

The amount due to Alsop's devisees had been ascertained and adjudged to be a preferred debt. The amount in the appellant's hands had also been ascertained, and upon the record as it stood when the rule was issued, nothing remained to be done but to dispose of the fund according to the rights of the parties. The court had, at its previous term, ordered the appellant to collect and have ready for distribution the money in his hands as it might order, and no rule was necessary to enable the court to decide who was entitled to the fund, and render a judgment in their favor against the appellant for it. It seems to us, therefore, unnecessary to decide whether or not the rule was sufficiently regular and specific. · Where no rule at all was necessary, it is clear that the rights of the party against whom an irregular or insufficient rule was issued cannot have been prejudiced by it.

We incline to the opinion that no order or judgment had been rendered at the time of filing what is styled a supplemental petition, which precluded the appellant from showing that he was entitled to other credits not allowed in the former reports of the master, and that if on the reference that was made it had been shown that he was entitled to other credits, the court had power to allow them and deduct the amount from the balance previously ascertained. The order confirming the report was merely interlocutory, and might have been modified at any time before a final judgment disposing of the fund to those appearing to be entitled to it. Having obtained the reference, it was appellant's duty to go before the commissioner and offer such evidence as he might have to establish other

credits instead of waiting for the commissioner to notify him to bring forward his evidence.

The record only shows that two reports were filed, and they were both filed March 10, 1869; and the appellant certainly had ample time before January, 1872, to ascertain whether he had received his proper credits; and besides that the record shows that he actually excepted to one of said reports, if not to both, and that in his supplemental petition he says that after the reports were made he called on the commissioner and advised him to assist in comparing the report with the receipts, to see if proper credits had been given to him in the report, but was prevented from doing so by said commissioner assuring him in the strongest terms that all were in, thus showing that he not only knew the reports had been made and might have examined them for himself, but that he did not examine them because he relied on the assurance of the commissioner.

His counsel insists, however, that the allegations in the supplement, not having been denied, must be taken for confessed and treated as true. In that we do not concur, unless it is to be treated as a petition for a new trial, and even then the allegations are insufficient. The allegation that he was entitled to credits that had not been given did not constitute a cause of action, unless it be for a new trial. The suit was for a settlement of the estate, and it is neither usual nor proper to set forth in the petition or in amended or supplemental pleadings the credits to which an administrator or executor is entitled.

But we presume it is not claimed that the supplement set forth facts constituting any other cause of action except for a new trial, and in order to be good as a petition for that purpose it should contain a statement of facts constituting grounds for a new trial. The only ground attempted to be stated is that the appellant did not know that a term of the court was to be held in January, 1872; yet he fails to state that he had not seen the reports, or that he did not know at or before the preceding term that they had been filed. He made the whole record part of the supplement, and that record shows that the reports from which he alleges the credits were omitted were filed March 10, 1869, nearly three years before the term which he says he did not attend, because he did not know it would be held. The allegations, when taken in connection with the record, not only fail to show diligence on the part of the appellant, but show that he was guilty of the greatest negligence, and that he had ample opportunity to present his exceptions before January, 1872, and that

he might have presented proof of the vouchers alleged to have been delivered to the court and omitted from the report, after the filing of the supplement, but failed to do so. We are therefore of the opinion that the court did not err in refusing to allow credit for the vouchers.

The contract with McIlvoy, as stated by the appellant, was that McIlvoy should buy the claim of Alsop's devisees, and that one-half of the profit should be for the benefit of the creditors and devisees of Redding, and it further provided that only certain lands belonging to Redding's estate should be sold to pay that debt. The appellant, according to his own account of the matter, never informed either the creditors or devisees that he had made such an agreement; he does not pretend that either creditors or devisees are asserting claim to any part of the money in his hand, and has not taken any step to bring them forward to assert any claim they may have. The suit being for the settlement of the estate, it must be presumed that the devisees and creditors are all parties, and if they would otherwise have had a claim against the appellant they have lost it by failing to assert it. They cannot stand silently by and allow a judgment to be rendered in favor of the appellee and then turn upon the appellant and hold him liable.

But such an agreement, if made, cannot be enforced against the devisees of Alsop. They were creditors of Redding, and Redding's executor owed them precisely the same obligation that he owed to any other creditor, and such an agreement as he says he made with McIlvoy was a fraud upon them. What right had he to speculate on one creditor for the benefit of others or of devisees? The alleged agreement with the devisees of Alsop is not proved, and if it were, it does not appear that the appellant paid anything to creditors or devisees for which he has not received credit.

These conclusions render it unnecessary to go into a discussion of the evidence in order to decide whether any such contract as that set up in the response to the rule was in fact entered into, and we therefore forbear to enter upon that question.

Judgment *affirmed.*

*W. B. Harrison,* for appellant.

*T. E. Moss, Hogs and Thurman,* for appellees.